UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED: 4/24/2025                │
└─────────────────────────────────────┘
```

CHESKEL FRIESEL,

                                        Plaintiff,

              -against-

BANK OF AMERICA, N.A., JP MORGAN
CHASE, N.A.,

                                        Defendants.

24-cv-2346 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Cheskel Friesel ("Friesel" or "Plaintiff") initiated this action on March 28, 2024, asserting claims of unjust enrichment, breach of contract, negligence, and seeking the imposition of a constructive trust, against Defendant Bank of America North America and Defendant JP Morgan Chase North America (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is GRANTED without prejudice.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

## PROCEDURAL HISTORY

On March 28, 2024, Plaintiff commenced this action against the Defendants by filing his Complaint. (ECF No. 1.) The Defendants filed their motion to dismiss and memorandum of law in support on December 20, 2024 ("Mot.") (ECF Nos. 14 and 15.) Plaintiff did not file an

opposition to the Defendants' motion and thus Defendants did not file a reply in further support of their motion.

Plaintiff resides at 140 Clinton Lane, a/k/a 142 Clinton Avenue, Spring Valley, New York 10977 (the "Property"). (Compl. ¶ 1.) On or about June 24, 2019 a foreclosure sale was held and the Defendants successfully acquired the property. (*Id*. ¶ 5.) Since acquiring the property, Defendants have not performed repairs, maintenance, nor paid for the building's heath and electric utilities. (*Id*. ¶ 6.) The building is a multifamily unit with several tenants. (*Id*. ¶ 7.)

Since the Defendants acquired the property, Plaintiff has been entirely responsible for maintenance and upkeep, including making repairs, ensuring the property was shoveled, was with heat and had electricity. (*Id*. ¶¶ 8, 9.) Plaintiff has been forced to bear the expenses for the property and has functionally assumed the roles of property manager and superintendent. (*Id*. ¶¶ 10, 11.) Defendants did not assign anyone to take over Plaintiff's assumed roles. (*Id*. ¶ 12.) JP Morgan Chase, on behalf of Bank of America, recently received money from an insurance company for the costs of the property repairs. (*Id*. ¶ 13.) Instead of allocating the money to conduct the necessary repairs, the Defendants kept the proceeds for themselves. (*Id*. ¶ 14.)

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw

reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims of unjust enrichment, breach of contract, negligence, and seeking the imposition of a constructive trust. The Court addresses them in turn.

### A. Unjust Enrichment

Plaintiff asserts two unjust enrichment claims against the Defendants. In order to successfully state an unjust enrichment claim, a plaintiff must allege "that (1) the other party was enriched, (2) at the party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 973 N.E.2d 743 (2012) (internal citations omitted). Moreover, a plaintiff "cannot succeed on an unjust enrichment claim unless it has a sufficiently close relationship with the party . . . there must exist a relationship or connection between the parties that is not 'too attenuated.'" *Id*.

3

The Court must find that Plaintiff's unjust enrichment claim fails due to the lack of a "sufficiently close relationship" between the parties. *Id*. The only connection between Plaintiff and the Defendants is the property; Defendants acquired the property following a foreclosure sale, and Plaintiff resides at the property and allegedly maintains it. (Compl. ¶¶ 8-10.) While this might suggest that *a* relationship exists, such an indication is necessary but not sufficient to state an unjust enrichment claim. Per *Georgia Malone & Co.*, a mere relationship is not enough – it must not be "too attenuated." *Georgia Malone & Co*, 973 N.E.2d 743 (2012). As currently written, the Complaint only suggests that *some* relationship exists, which is "too attenuated" to successfully establish the elements of an unjust enrichment claim. Accordingly, the Court must dismiss Plaintiff's unjust enrichment claim without prejudice.

## B. Breach of Contract

To state a *prima facie* case for breach of contract under New York law, a plaintiff must show: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996).

The "fundamental basis of a valid, enforceable contract is a meeting of the minds of the parties, and, if there is no meeting of the minds on all essential terms, there is no contract." *Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 337 (S.D.N.Y. 2006). Moreover, if "the Court finds substantial ambiguity regarding whether both parties have mutually assented to all material terms, then the Court can neither find, nor enforce, a contract." *Id*.

Presently, Plaintiff's breach of contract claim falls short because of Plaintiff's failure to plead that the parties mutually assented to any agreement. Plaintiff does not plead the parties discussed an agreement wherein Plaintiff would manage the property. (*See generally* Compl.) The

closest Plaintiff gets to satisfying this burden is where he pleads "[s]ince the Defendant[s] acquired the property, it has been maintained by the Plaintiff." (*Id*. ¶ 8.) However, this still falls short as such allegations do not aver that there was any discussion between the parties anticipating Plaintiff being responsible for property maintenance. This leaves the Court with "substantial ambiguity regarding whether both parties" mutually assented to such an arrangement, and therefore the Court can "neither find, nor enforce, a contract." *Benicorp Ins. Co., Inc.*, 447 F. Supp. 2d 329 at 337. As a result, the Court must dismiss Plaintiff's breach of contract claim without prejudice.

### C. Negligence

Under New York law, the elements of a negligence claim are: (1) a duty owed to the plaintiff by the defendant; (2) breach of that duty; and (3) injury substantially caused by that breach. *Lombard v. Booz–Allen & Hamilton, Inc.,* 280 F.3d 209, 215 (2d Cir. 2002). Additionally, "[i]f the defendant owes no duty to the plaintiff, the action must fail." *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir.), *as amended* (Nov. 23, 2015).

In a negligence case, the injured party "must show that a defendant owed not merely a general duty to society but a specific duty to him or her, for '[w]ithout a duty running directly to the injured party there can be no liability in damages, however careless the conduct or foreseeable harm.'" *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232, *opinion after certified question answered,* 264 F.3d 21 (2d Cir. 2001).

Here, Plaintiff does not allege what kind of duty the Defendants are supposed to have owed him; in fact, it is not even apparent what relationship the Defendants purportedly had with the Plaintiff or even if they had a relationship at all. Without demonstrating a relationship between the Defendants and Plaintiff, Plaintiff does not aver that Defendants owed him any duty and, it is axiomatic that "[t]here can be no negligence if there is no duty." *Martinez v. City of New York*, 90

A.D.3d 718, 719 (2011). Therefore, the Court must dismiss Plaintiff's negligence claim without prejudice.

### D. Constructive Trust

To obtain the remedy of a constructive trust, "a party is generally required to establish four factors, or elements, by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise. *Sanxhaku v. Margetis*, 151 A.D.3d 778, 779 (2017). These elements "serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established." *Tyree v. Henn,* 109 A.D.3d at 907–908, 971 N.Y.S.2d 319. This is because "[t]he constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice." *Ning Xiang Liu v. Al Ming Chen*, 133 A.D.3d 644, 645 (2015).

In the instant action, Plaintiff's constructive trust claim must fail due to the lack of a confidential or fiduciary relationship with the Defendants. The Complaint offers no factual averments that demonstrate what relationship, if any, the Defendants have with the Plaintiff. Defendants are correct to note in their motion that "there is no allegation that either Defendant affirmatively communicated with Plaintiff, let alone promised anything to or requested anything of the Plaintiff." (Mot. p. 14.) Accordingly, because the Complaint does not offer any allegations to even indicate a relationship between the Plaintiff and the Defendants and even recognizing the broad construction of the constructive trust doctrine, the Court must still dismiss Plaintiff's constructive trust claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss Plaintiff's complaint without prejudice. Specifically, the Court dismisses Plaintiff's First Cause of Action, Second Cause of Action, Third Cause of Action, Fourth Cause of Action and Fifth Cause of Action, without prejudice. Plaintiff is granted leave to file an Amended Complaint by June 5, 2025. Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Amended Complaint. Should Plaintiff file an Amended Complaint, the Defendants are directed to answer or otherwise respond by June 30, 2025. If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

Defendants are directed to serve Plaintiff's Counsel with a copy of this Opinion and file proof of service. Plaintiff's Counsel is again directed to file a notice of appearance. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 14.

Dated:    April 24, 2025                                    SO ORDERED:
          White Plains, New York

                                    _____
                                          NELSON S. ROMÁN
                                       United States District Judge

UNITED STATES DISTRICT COURT                              Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x


                                        **CIVIL CASE DISCOVERY PLAN**

                Plaintiff(s),          **AND SCHEDULING ORDER**

   - against -



                Defendant(s).          _____ CV _____ (NSR)



-------------------------------------------------------------x


  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):


1.      All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  (If all parties consent, the remaining paragraphs of this form need not be completed.)


2.      This case [is] [is not] to be tried to a jury.


3.      Joinder of additional parties must be accomplished by _____.


4.      Amended pleadings may be filed until _____.

5.      Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.      First request for production of documents, if any, shall be served no later than _____.

7.      Non-expert depositions shall be completed by _____.

        a.      Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

        b.      Depositions shall proceed concurrently.

        c.      Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.      Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.      Requests to Admit, if any, shall be served no later than _____.

10.     Expert reports shall be served no later than _____.

11.     Rebuttal expert reports shall be served no later than _____.

12.     Expert depositions shall be completed by _____.

13.     Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.     **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.     Any motions shall be filed in accordance with the Court's Individual Practices.

16.     This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.     The Magistrate Judge assigned to this case is the Hon. _____.

18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.     The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:  White Plains, New York

        _____

                                                     _____

                                                     Nelson S. Román, U.S. District Judge